**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4210**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

          v.

ALBERTO MENDOZA-MARTINEZ, a/k/a Alberto Martinez Mendoza,

                  Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:14-cr-00355-CCE-1)

Submitted:  September 15, 2015        Decided:  October 6, 2015

Before WILKINSON, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alberto Mendoza-Martinez pled guilty, pursuant to a written plea agreement, to unlawfully reentering the United States after being removed following an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). On appeal, Mendoza-Martinez argues that his 50-month sentence, which was one month below the top of his advisory Sentencing Guidelines range of 41-51 months, is both procedurally and substantively unreasonable. Finding no abuse of discretion, we affirm.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, or failed to explain the selected sentence sufficiently. Id. at 49-51.

Mendoza-Martinez does not dispute the computation of his Guidelines range. He instead asserts that the district court

2

did not adequately explain its reasons for rejecting Mendoza-Martinez's arguments in favor of a sentence at the bottom of the Guidelines range. Mendoza-Martinez contends that his arguments in mitigation — particularly, Mendoza-Martinez's inevitable removal to Mexico and the loss of contact with his family in America that is likely to follow; his admitted reentries and reasons for them; and his family support and employment opportunities in Mexico — supported the imposition of a sentence at the bottom of the Guidelines range. Mendoza-Martinez preserved this issue for appeal by requesting a sentence lower than that which was ultimately imposed. United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010).

While the court acknowledged the difficult family situation in which Mendoza-Martinez found himself and Mendoza-Martinez's assurances that he would not again return to the United States without authorization, it rejected the contention that these facts warranted a lower sentence. The district court acted well within its discretion in giving greater weight to the factors it identified, particularly Mendoza-Martinez's refusal to abide by the law, which was evidenced by his repeated commission of drug crimes and reentries after removal. See United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011) (explaining that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a)

3

factors"). On this record, we cannot accept Mendoza-Martinez's claim of reversible procedural error because the district court's explanation for the selected sentence reflects it had "considered the parties' arguments and ha[d] a reasoned basis for exercising its own legal decisionmaking authority." United States v. Avila, 770 F.3d 1100, 1108 (4th Cir. 2014) (alteration and internal quotation marks omitted).

Mendoza-Martinez next contends that his sentence is substantively unreasonable based on the totality of the circumstances. This claim similarly derives from the arguments pressed by defense counsel in favor of a sentence at the bottom of the Guidelines range.

"A sentence within the Guidelines range is presumed on appeal to be substantively reasonable." United States v. Helton, 782 F.3d 148, 151 (4th Cir. 2015). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

We discern no abuse of the district court's discretion on this record. As noted above, the district court expressed concern about Mendoza-Martinez's repeated criminal conduct and the resulting risk of harm to the public, which are in direct alignment with two of the § 3553(a) factors, see 18 U.S.C.

4

§ 3553(a)(2)(A) (seriousness of offense); id. § 3553(a)(2)(C) (need to protect public), and relied on these factors to support the selected sentence. We are not persuaded by Mendoza-Martinez's claim that his personal history and characteristics, particularly the strain his removal will place on his family, outweigh the district court's assessment of these § 3553(a) factors. We therefore conclude that Mendoza-Martinez has not overcome the presumption of substantive reasonableness afforded his within-Guidelines sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED