*150 Affirmed by published opinion. Judge WILKINSON wrote the opinion, in which Judge GREGORY and Judge DUNCAN joined. Judge GREGORY wrote a separate concurring opinion.
WILKINSON, Circuit Judge:
Appellant Steven Helton pled guilty to one count of knowing possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). He was sentenced to 60 months in prison followed by a lifetime term of supervised release. Helton now appeals. The question presented to this court is whether, given the facts of this case, a lifetime term of supervised release is procedurally and substantively reasonable. For the following reasons, we think it is and now affirm.
I.
■ In October 2010, Sergeant D.C. Eldridge, a member of the West Virginia Internet Crimes Against Children Task Force, determined that a computer near Beckley, West Virginia, contained several child pornography videos accessed through peer-to-peer software that the Task Force was monitoring. Sergeant Eldridge, with assistance from the FBI, identified the subscriber to the IP address associated with the computer as Barbie Helton of Beaver, West Virginia. On December 29, 2010, investigators executed a search warrant on the Helton residence where Ms. Helton lived with her son, Steven. As part of this initial search, Sergeant Eldridge discovered several files containing child pornography on Steven Helton’s computer.
Defendant, after being advised of his constitutional rights, gave a recorded statement to law enforcement, explaining that he regularly viewed adult and child pornography and would download, view, and then delete images, and then return to download more images. Forensic investigators found a total of 961 individual images of child pornography on the hard drive of the computer, although only 42 were actively accessible for viewing at the time of the search. In the course of his interview, Helton admitted to downloading some of the images onto his iPod for personal use, but denied trading or sharing child pornography with any other users.
Many of the images found by investigators were of prepubescent minors engaged in sexual acts, exhibition of genitals, or bondage, and at least one depicted a child engaged in sadistic or masochistic acts. Helton explained that he had been sexually abused by his stepfather when he was a child, and that he had sought treatment in the past but had been unable to stop viewing child pornography. He also admitted that he had been caught viewing child pornography while he was a juvenile in foster care and that he had been removed from a foster family for sexually abusing a three-year old when he was thirteen years old.
On June 12, 2012, a federal grand jury in the Southern District of West Virginia issued a two-count indictment against Helton for knowing receipt and knowing possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2), (a)(5)(B), and 2252A(b)(l)-(2). Helton pled guilty to one count of knowing possession of child pornography in violation of 18 Ü.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). The maximum term of imprisonment under the statute is ten years. See 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2). Under 18 U.S.C. § 3583(k), the court must impose a term of supervised release of at least five years and up to life for crimes under § 2252A.
The presentence investigation report, prepared by the probation office, recommended a Guidelines range of 78 to 97 months of imprisonment based on a total *151 offense level of 28 and a criminal history category of I. The district court adopted the presentence investigation report, after thoroughly reviewing it at the sentencing hearing. See J.A. 168-72. It noted the statutory maximum and walked the defendant through the Guidelines calculations. As the trial judge explained, a violation of § 2252A(a)(5)(B) has a Base Offense Level of 18. See id. at 170; see also U.S.S.G. § 2G2.2(a)(l). A two-level enhancement was added for using a computer to search for and access child pornography. In addition, two levels were added for material that depicts a prepubescent minor under the age of 12 and an additional four levels for material portraying sadistic or masochistic conduct. Lastly, a five-level enhancement was added because the offense involved 600 or more images. Helton received a three-level reduction for acceptance of responsibility, bringing his total offense level to 28. Because this was his first conviction, his criminal history category, as noted, was I.
At the sentencing hearing, neither party objected to the Guidelines calculation included in the presentence report, although the defendant provided a comment by way of additional explanation that the majority of images were not sadistic or masochistic in nature. See J.A. 158-59. The sentencing judge noted objections from the defense regarding several of the more onerous conditions of supervised release and agreed to remove some of the more burdensome terms where not applicable to the nature and circumstances of Helton’s offense. She also considered the factors listed in 18 U.S.C. § 3553(a) and heard argument from both the government and defense counsel regarding the appropriate sentence for Helton. See id. at 172-91. Helton also made a statement directly to the court. See id. at 198-99. At the conclusion of his statement, the court sentenced defendant to a term of 60 months imprisonment, a downward departure from the Guidelines range, and a lifetime term of supervised release, comprised of a number of conditions specific to the defendant, including treatment for both substance abuse and psychosexual mental health. This appeal followed.
II.
This court reviews a sentence imposed by a district court for reasonableness. See United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Sentencing is the province of the district court and in reviewing the chosen sentence, we consider only whether the sentencing judge abused her discretion rather than whether this court would impose the same sentence on a defendant in the appellant’s position. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). This court will affirm a sentence when it is “within the statutorily prescribed range and is reasonable.” United States v. Hughes, 401 F.3d 540, 547 (4th Cir.2005). Defendant contests only his.term of supervised release, arguing that the lifetime term is procedurally and substantively unreasonable and should be vacated.
Even though the Sentencing Guidelines are now advisory, district courts “must consult those Guidelines and take them into account when sentencing.” Booker, 543 U.S. at 264, 125 S.Ct. 738. A sentence within the Guidelines range is presumed on appeal to be substantively reasonable. See Rita v. United States, 551 U.S. 338, 347, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Here, the lifetime term of supervised release was within both the Guidelines range and the statutory maximum. See 18 U.S.C. § 3583(k); U.S.S.G. § 5D1.2(b). However, that does not end the inquiry. For a sentence to be procedur *152 ally sound, a district judge must also consider the factors outlined in 18 U.S.C. § 3553(a) and “articulate the reasons for selecting the particular sentence, especially explaining why [any] sentence outside of the Sentencing Guideline range better serves the relevant sentencing purposes set forth in § 3553(a).” United States v. Green, 436 F.3d 449, 456 (4th Cir.2006).
A.
Helton contends that his lifetime term of supervised release is procedurally unreasonable because the district court did not adequately explain why it chose that particular sentence. However, we find that the sentencing judge carefully and thoroughly explained the sentence at length.
The district court walked through the calculation of the Guidelines range carefully at the sentencing hearing, during which neither party objected. It noted that defense counsel had asked for the court to consider that the majority of images did not depict sadistic or masochistic conduct, even though counsel did not. object to the four-level enhancement for such images. See J.A. 158. The court considered arguments made by both parties at sentencing concerning the § 3553(a) factors and discussed the application of the factors in fashioning Helton’s particular sentence.
The district judge granted a downward departure from the recommended term of imprisonment of 78 to 97 months, sentencing Helton to 60 months in prison. See J.A. 199, 172. She explained that the sentence of 60 months followed by a lifetime term of supervised release “provide[d] just punishment for the crime for which [Helton] pled guilty” because it both “reflected] the seriousness of the offense” and would “deter [Helton] from committing criminal conduct in the future.” Id. at 206. Importantly, the judge further explained that given Helton’s age and lack of prior criminal convictions, a sentence of longer than 60 months “simply was not necessary,” id., especially in light of “the fact that [he would] be required to be on supervised release for life,” id. at 207-08. Although Helton’s prison term is not directly at issue before this court, the judge made clear that the length of the prison term and the length of the supervised release term were linked. She was only comfortable with the downward departure for the term of imprisonment because she knew that Helton would be subject to a lengthy term of supervised release.
The judge also gave full and fair consideration to the § 3553(a) factors that, she explained, require the court to consider, among other factors, the “nature and circumstances of the offense,” “the history and characteristics of the defendant,” and the need for the sentence imposed “to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense,” as well as “to provide the defendant with needed ... medical care, or other correctional treatment.” 18 U.S.C. § 3553(a); see also J.A. 173.*
*153 Although the court must base the sentence on an individualized assessment, it need not “robotically tick through” the § 3558(a) factors. United States v. Johnson, 445 F.3d 339, 345 (4th Cir.2006). In crafting the sentence, the judge took note of both individual characteristics of the defendant and the particular offense conduct in this case. She considered that Helton was only “21 years old and appearing [before the court] on [his] first criminal conviction.” J.A. 206. The court also considered Helton’s extensive “mental health issues and [his] admissions to having viewed child pornography as a child” in determining “the need for this sentence to provide [Helton] with medical care and corrective treatment in the most effective manner.” Id. at 207.
On the other hand, the judge explained that while “only 42 image files of child pornography were located in active folders,” the defendant had “engaged in repetitive cycles of downloading images, deleting them, and then searching for more,” over the course of seven months, which is exactly the “type of conduct [that] provides the market for child pornography which ... often results in the abuse of minors.” Id. at 206-07. She also took notice of his admission that he had “sexually abused a three-year-old” when he was previously in foster care. Id. at 207.
Furthermore, the judge took into account a number of individualized considerations in shaping the conditions that attach to defendant’s term of supervised release. Considering the defendant’s admission to significant alcohol and marijuana use, id. at 197, and noting that he did not have “a low risk of future substance abuse,” id. at 200, she required him to participate in a substance abuse treatment program. She also required Helton to “submit to a psychosexual evaluation by a qualified mental health professional,” “complete [any resulting] treatment recommendations,” and “take all medications as prescribed.” Id. at 201. She also imposed a number of conditions regarding his status as a sex offender and limiting his ability to interact with minors. Id. at 201-04.
However, the district court also, in response to a request from defense counsel, removed several of the more onerous terms of supervised release, finding them unnecessarily harsh in light of the circumstances of the case. Id. at 165-68. The judge noted that the “terms and conditions of supervised release should have some reasonable basis given the facts and circumstances of the offense such that they accomplish the purposes that are intended by supervised release.” Id. at 166. Finding that there was “no basis in this particular case,” she declined to require “defendant to carte blanche afford access to his financial information” unless there “is some indication that there is something [such as a computer or cell phone with *154 internet capacity] purchased that should not have been.” Id.
She also declined to impose a condition preventing the defendant from purchasing cameras, explaining that there was “no evidence in this case that the defendant took pornographic photos or videos of children.” Id. at 167-68. Despite objection from defense counsel, she kept in place the condition preventing defendant from purchasing or owning a cell phone with internet capability, explaining that it was “appropriate given the facts and circumstances of this case.” Id. at 167. Defense counsel repeatedly requested a fifteen year term of supervised release, but the judge rejected that in favor of a longer term coupled with a downward departure in the length of Helton’s term of imprisonment. See id. at 176,190, 208.
In light of this lengthy explanation, we find no procedural error in what the district court did. The Guidelines range was properly calculated. The term of supervised release was within the Guidelines range and within the permissible statutory authorization. The defendant received a downward departure in his prison term, which was clearly linked to á longer term of supervised release. The defendant wants additional explanation, specific to the term of supervised release, but we find the district court satisfactorily explained both pieces of the sentence at great length.
We do not dispute that there must be sufficient explanation for a sentence to be procedurally reasonable. But we take no issue with what the district court did here. We find the district court’s thorough explanation sufficient on both the sentence as a whole and the term of supervised release specifically. To require more explanation would unnecessarily intrude upon the district court’s primary and unique role in the sentencing process.
B.
Helton also contends that his lifetime term of supervised release is substantively unreasonable because it is longer than necessary to further the goals of supervised release itself and was not justified by Helton’s offense. See Appellant’s Br. at 12. We disagree. A lifetime term of supervised release is authorized by statute and within the Sentencing Guidelines range. See 18 U.S.C. § 358S(k) (“[T]he authorized term of supervised release for any offense under section ... 2252A ... is any term of years not less than 5, or life.”); see also U.S.S.G. § 5D1.2 (“[T]he length of the term of supervised release ... may be up to life, if the offense is ... a sex offense.”). Furthermore, the U.S. Sentencing Commission specifically included an advisory policy statement in the Guidelines Manual that suggests it is the judgment of the Sentencing Commission that in the case of sex offenses “the statutory maximum term of supervised release is recommended.”
District courts are permitted to consider a wide variety of information during the course of a sentencing proceeding. See Alleyne v. United States, — U.S. -, 133 S.Ct. 2151, 2163 n. 6, 186 L.Ed.2d 314 (2013) (“[J]udges may exercise sentencing discretion through ‘an inquiry broad in scope, largely unlimited either as to the kind of information [they] may consider, or the source from which it may come.’ ”) (alteration in original) (quoting United States v. Twicer, 404 U.S. 443, 446, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972)). Here, the district judge considered the defendant’s lengthy history of viewing child pornography, his admitted repetitive pattern of downloading material, deleting it, and seeking out more. She also considered that he admitted to abusing a three-year old when he was a minor in foster care and that he had sought help for his *155 compulsion to view child pornography but had been unable to stop.
Furthermore, the district court granted defendant a downward variance in his prison term, remarking that she was comfortable doing so because he would be subject to a lengthy term of supervised release. It would be almost unprecedented to credit a defendant’s challenge to a sentence as substantively unreasonable when the district court actually reduced the term of imprisonment below the recommended Guidelines range. Moreover, .the court modified the conditions of supervised release, alleviating some of the more burdensome requirements that she thought inappropriate for Helton given the offense and circumstances of this case and this defendant. Helton can still petition for a modification or termination of his term of supervised release at any time after one year of supervised release, provided it is justified by his conduct and in the interest of justice. See 18 U.S.C. § 3583(e)(1); U.S.S.G. § 5D1.2 n. 5. Given these circumstances, we cannot find the district court’s conclusion unreasonable that a lifetime of supervised release was necessary to deter defendant, protect the public from additional crimes by him, and provide him with the mental health care and necessary corrective treatment he needs.
Trial courts have significant discretion in the sentencing process, and we see nothing in this case to suggest that this discretion was abused in a manner that would render this sentence substantively or procedurally unreasonable. The judgment is accordingly affirmed.

AFFIRMED.

 Defense counsel argued before this court that the district court’s consideration of the § 3553(a) factors focused primarily on "the severity of [Helton’s] conduct, which is explicitly off limits when it comes to consideration of the supervised released term.” Oral Arg. at 13:35. We disagree, with this characterization of the district court's explanation. It is true that 18 U.S.C. §• 3583, which provides "factors to be considered in including a term of supervised release,” 18 U.S.C. § 3583(c), does not include “the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" or “the kinds of sentences available,” 18 U.S.C. § 3553(a)(2)(A), (a)(3). Notably, however, the statute allows for consideration of the factors *153 listed in § 3553(a)(1): "the nature and circumstances of the offense and the history and characteristics of the defendant.” 18 U.S.C. § 3553(a)(1); see also 18 U.S.C. § 3583(c). Here, we do not agree that the district judge focused only on the severity of Helton’s conduct. While she did state that she chose the 60 month sentence followed by a life term of supervised release to "provide[] just punishment for the crime for which [Helton] pled guilty” and to "reflect[ ] the seriousness of the offense,” J.A. 206, she further noted that she had considered "the nature and circumstances of [Helton’s] offense, as well as [his] history and characteristics.” Id. She specifically outlined how, in determining the proper sentence and the conditions of supervised release, she had balanced his youth and lack of criminal history against his admitted cycle of downloading and deleting child pornography, the period of months over which he had collected the images, his mental health history, and his admitted history of viewing child pornography and his sexual abuse of a three-year old child in foster care. See id. at 207.