**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4827**

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

     v.

BARRY RAY HOWARD,

                  Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:14-cr-00188-CCE-1)

Submitted: May 19, 2015           Decided: May 21, 2015

Before NIEMEYER and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John D. Bryson, WYATT, EARLY, HARRIS & WHEELER, LLP, High Point, North Carolina, for Appellant. Ripley Rand, United States Attorney, Kennedy Gates, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barry Ray Howard was sentenced to 112 months' imprisonment after pleading guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). He appeals, contending that the district court erred by denying his request for a downward variance. Finding no error, we affirm.

This court reviews a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In reviewing a sentence for reasonableness, we first consider whether "the district court committed . . . significant procedural error." Id. at 51. If there is no such error, we next consider whether the sentence is substantively reasonable, "tak[ing] into account the totality of the circumstances." Id. We presume that "[a] sentence within the [advisory] Guidelines range is . . . substantively reasonable." United States v. Helton, 782 F.3d 148, 151 (4th Cir. 2015).

We conclude that Howard's within-Guidelines sentence is both procedurally and substantively reasonable. The district court considered Howard's arguments for a variance and credited them as a reason not to impose a sentence at the statutory maximum. The court then thoroughly explained why other 18 U.S.C. § 3553(a) (2012) factors justified a sentence within the

2

advisory Guidelines range. Moreover, Howard has failed to rebut the presumption that his sentence is substantively reasonable. See United States v. Dowell, 771 F.3d 162, 176 (4th Cir. 2014).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED