**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4690**

———————

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

STEVEN VONDELL WILLIAMS,

            Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Roger W. Titus, Senior District Judge.
(8:12-cr-00278-RWT-2)

———————

Submitted:  June 30, 2015              Decided:  July 9, 2015

———————

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Marc Gregory Hall, LAW OFFICES OF MARC G. HALL, P.C., Greenbelt,
Maryland, for Appellant.   Rod J. Rosenstein, United States
Attorney, Leah Jo Bressack, Assistant United States Attorney,
Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Steven Vondell Williams was convicted, following a jury trial, on four counts: interference, and conspiracy to interfere, with interstate commerce by robbery, in violation of 18 U.S.C. § 1951 (2012); possession and brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (2012); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (2012). The district court sentenced him to an aggregate term of 324 months' imprisonment. On appeal, Williams challenges several evidentiary rulings and the reasonableness of his sentence. We affirm.

Williams first claims that the district court erred by admitting into evidence transcripts from his coconspirator's sentencing hearing and thereby violated his rights under the Confrontation Clause. "[A] violation [of the Confrontation Clause] may be found harmless on appeal if the beneficiary of the constitutional error can prove beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained[.]" United States v. Reed, 780 F.3d 260, 269 (4th Cir. 2015) (internal quotation marks omitted), petition for cert. filed, __ U.S.L.W. __ (U.S. June 11, 2015) (No. 14-10176), and petition for cert. filed, __ U.S.L.W. __ (U.S. June 12, 2015) (No. 14-10190); see United States v. Johnson, 400 F.3d 187, 197 (4th Cir. 2005). A

2

statement's unconstitutional admission may be "harmless when the [G]overnment introduced an abundance of other evidence and proved parts of the defendant's involvement without any use of [the challenged] statement." United States v. Gillion, 704 F.3d 284, 293 (4th Cir. 2012) (emphasis and internal quotation marks omitted). We can assume the error occurred and "should avoid deciding whether there was a violation of the Confrontation Clause if any error was harmless." Reed, 780 F.3d at 269.

Viewing the record as a whole, we conclude that it is clear beyond a reasonable doubt that the jury would have found Williams guilty based solely on the unchallenged evidence presented by the Government. An abundance of unchallenged evidence established that Williams was one of the perpetrators of the robbery at issue, and further evidence identifying him was unnecessary. Thus, even if the district court erred by admitting the transcript in contravention of the Confrontation Clause, such error was harmless.

Next, Williams claims that the district court erred by permitting hearsay testimony and unqualified or otherwise impermissible expert testimony. We will not reverse nonconstitutional error, such as this, if the Government demonstrates that the error was harmless. United States v.

3

Ibisevic, 675 F.3d 342, 349 (4th Cir. 2012). In the context of nonconstitutional error,

> the Government must demonstrate that the error did not have a substantial and injurious effect or influence in determining the jury's verdict. An appellate court does not inquire into whether absent the error sufficient evidence existed to convict, but rather whether we believe it highly probable that the error did not affect the judgment. Thus, we must be able to say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.
>
> We have identified three decisive factors in making this determination: (1) the centrality of the issue affected by the error; (2) the steps taken to mitigate the effects of the error; and (3) the closeness of the case.

Id. at 349-50 (citations and internal quotation marks omitted).

Although the first two of these factors weigh in Williams' favor, "[t]he final factor—the closeness of the case—is the single most important factor in a nonconstitutional harmless-error inquiry." Id. at 352 (internal quotation marks omitted); see United States v. Williams, 81 F.3d 1321, 1326 (4th Cir. 1996). "The closeness inquiry involves assessing whether the [unchallenged] evidence is not only sufficient to convict, but whether it is sufficiently powerful in relation to the [challenged evidence] to ensure the error did not affect the outcome." Ibisevic, 675 F.3d at 354 (ellipsis and internal quotation marks omitted).

4

We conclude that the Government's unchallenged evidence was not only sufficient to find Williams guilty beyond a reasonable doubt, but also sufficiently powerful in relation to the evidence Williams challenges that any error in the challenged rulings did not affect the outcome. Thus, it is highly probable that any error in admitting the challenged evidence did not sway the jury or affect the outcome of the judgment. Because Williams' claims of erroneous evidentiary rulings necessarily would be only harmless error, we affirm his conviction.

Lastly, Williams challenges the reasonableness of his sentence. We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015). "First, we must determine whether the district court committed any procedural error . . . ." Lymas, 781 F.3d at 111. "Only if we determine that the district court has not committed procedural error do we proceed to assess 'the substantive reasonableness of the sentence imposed,'" id. at 112 (quoting Gall, 552 U.S. at 51), under "the totality of the circumstances," Gall, 552 U.S. at 51.

"[A] sentence within a properly calculated advisory [Sentencing] Guidelines range is presumptively reasonable" on appeal. United States v. Dowell, 771 F.3d 162, 176 (4th Cir. 2014)

5

(internal quotation marks omitted). "A defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2012)] factors." Id. (alteration and internal quotation marks omitted). In evaluating the sentence, we give due deference to the district court because the district court need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for [its decision]." Rita v. United States, 551 U.S. 338, 356 (2007).

Williams contends that the district court committed procedural error by failing to consider the application of the § 3553 factors to his case. This contention is belied by the record. The district court specified § 3553 as the controlling statute; stated that it was obliged to impose a sentence sufficient, but not greater than necessary, to comply with § 3553(a)'s factors; and specifically referred to each factor listed in § 3553(a) that was relevant to the instant case. See United States v. Helton, 782 F.3d 148, 153 (4th Cir. 2015); United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). In applying the § 3553(a) factors, the court individually assessed Williams' case and the arguments he raised. We perceive no procedural unreasonableness, and we conclude that Williams' claim is meritless.

Williams' claim of substantive unreasonableness is likewise without merit. The district court heard Williams' arguments concerning application of the § 3553(a) factors to his case and determined that those factors warranted a sentence at the high end of Williams' Guidelines range that ran consecutively to Williams' existing sentence for an unrelated crime. Absent substantive unreasonableness in the district court's assessment, Williams' mere disagreement with it is no basis for vacating his sentence. See United States v. Howard, 773 F.3d 519, 531 (4th Cir. 2014). Because Williams has pointed to no procedural or substantive error that is not flatly contradicted by the record or otherwise without merit, he has not overcome the presumption of reasonableness accorded his within-Guidelines sentence. Accordingly we affirm his sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7