**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4910**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

SABINO DUQUE-DIAZ, a/k/a Jorge Ivan Medina, a/k/a Saul Gomez-Duval,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:14-cr-00118-BR-1)

Submitted:  June 19, 2015                Decided:  July 10, 2015

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curium opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sabino Duque-Diaz was convicted of unlawful reentry into the United States after previous removal for an aggregated felony, pursuant to 8 U.S.C. § 1326(a) and (b)(2). Because Duque-Diaz had been deported to Mexico in 2006 following a felony drug trafficking conviction carrying a sentence of greater than thirteen months, the district court applied a sixteen-level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i), and imposed a sentence of 64 months' incarceration. On appeal, Duque-Diaz argues that this within-Guidelines sentence is substantively unreasonable. Finding no error, we affirm.

"[A]ppellate courts examine sentencing determinations under an abuse-of-discretion standard, which translates to review for 'reasonableness.'" United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010) (quoting United States v. Booker, 543 U.S. 220, 261–62 (2005)). "A sentence within the Guidelines range is presumed on appeal to be substantively reasonable." United States v. Helton, 782 F.3d 148, 151 (4th Cir. 2015). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014).

Applying this presumption of reasonableness to Duque-Diaz's sentence, we conclude the district court did not abuse its discretion. The district court noted that it "considered [the Guidelines] range as well as the other relevant factors set forth in the advisory sentencing guidelines and those set forth in 18 U.S.C. Section 3553(a)" before imposing the sentence. Further, the district court found Duque-Diaz's criminal history was serious and indicated an increased risk to the public, in direct alignment with two of the 3553(a) factors. See 18 U.S.C. § 3553(a)(2)(A) (seriousness of offense); id. § 3553(a)(2)(C) (need to protect public). Duque-Diaz has not shown that his sentence is unreasonable under any of the § 3553(a) factors. We therefore conclude that Duque-Diaz's within-Guidelines sentence is substantively reasonable.

The judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3