**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4165**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DOUGLAS MARK GILBERT,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:14-cr-00296-TDS-1)

Submitted: October 14, 2015      Decided: October 22, 2015

Before WILKINSON, KING, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas Mark Gilbert pleaded guilty, pursuant to a written plea agreement, to possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (2012). On appeal, Gilbert challenges the district court's imposition of a 15-year term of supervised release as substantively unreasonable. We affirm.

This court reviews a sentence's reasonableness under "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a) (2012). We apply a presumption of reasonableness on appeal to a within-Guidelines-range sentence. United States v. Helton, 782 F.3d 148, 151 (4th Cir. 2015) (affirming substantive reasonableness of lifetime term of supervised release in possession of child pornography appeal). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.) cert. denied 135 S. Ct. 421 (2014).

After reviewing the record, we conclude that Gilbert's sentence was substantively reasonable. His term of supervised release fell within his Guidelines range and was well below the lifetime term of supervised release advocated by the Government and probation office. The court weighed the seriousness of the

offense, Gilbert's criminal history, his need for substance abuse and sex offender treatment, and his age in assigning this term, and Gilbert has not rebutted its substantive reasonableness.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED