**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4292**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

JUAN GUERRERO,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
Chief District Judge.  (5:14-cr-00237-D-1)

Submitted:  December 10, 2015       Decided:  January 15, 2016

Before DUNCAN, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Thomas G. Walker, United States Attorney, Jennifer P.
May-Parker,  Kristine  L.  Fritz,  Assistant  United  States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Guerrero was convicted of knowingly possessing a prohibited object in prison, in violation of 18 U.S.C. § 1791(a)(2) (2012). The district court sentenced Guerrero to 24 months of imprisonment. On appeal, Guerrero argues that the district court imposed a substantively unreasonable sentence. We affirm.

We review for abuse of discretion Guerrero's claim that the district court imposed an unreasonable sentence. See Gall v. United States, 552 U.S. 38, 51 (2007). More specifically, we examine the "totality of the circumstances" in considering the substantive reasonableness of a sentence. Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). On appeal, this court applies a presumption of reasonableness to a within-Guidelines-range sentence. United States v. Helton, 782 F.3d 148, 151 (4th Cir. 2015). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

After reviewing the record, we conclude that Guerrero's sentence was substantively reasonable. His sentence fell at the bottom of his Guidelines range. The district court properly

2

weighed the seriousness of the offense, Guerrero's criminal history, the time spent in segregation and lost good time credit due to the offense, and his positive personal history and characteristics. In sum, Guerrero has not rebutted the presumed substantive reasonableness of the sentence.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>