**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4475**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TRINIDAD BALDERAS-SANCHEZ, a/k/a Leonet Arias, a/k/a
Leonetta Arias, a/k/a Leonetta Artias, a/k/a Manuel Bandero,
a/k/a Manuel I Bandero, a/k/a Daniuel Guzman, a/k/a
Bladimirs Ramines, a/k/a Manases Torres,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. Paul W. Grimm, District Judge. (8:15-
cr-00004-PWG-1)

Submitted:  January 29, 2016          Decided:  February 12, 2016

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Meghan S. Skelton,
Appellate Attorney, Greenbelt, Maryland, for Appellant. Rod J.
Rosenstein, United States Attorney, Conor Mulroe, Special
Assistant United States Attorney, Greenbelt, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court sentenced Trinidad Balderas-Sanchez to 48 months' imprisonment after he pled guilty to illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). Balderas-Sanchez argues on appeal that his sentence is procedurally and substantively unreasonable. Finding no error, we affirm.

We review a defendant's sentence for reasonableness using an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. Id. at 51. A district court's failure to adequately explain its sentence is a "significant procedural error." Id.

Balderas-Sanchez argues that his sentence is procedurally unreasonable because the district court failed to address his arguments in mitigation and, thus, failed to adequately explain his sentence. In evaluating a sentencing court's explanation of a selected sentence, we have consistently held that, while the district court must consider the statutory factors and explain the sentence, "it need not robotically tick through the [18 U.S.C.] § 3553(a) [(2012)] factors." United States v. Helton, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). At the same time, the district court "must make an individualized assessment based on the facts presented."

2

Gall, 552 U.S. at 50. While the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

Here, the district court agreed with Balderas-Sanchez's argument that a sentence within the Guidelines range was not warranted. However, the district court did not agree with the extent of Balderas-Sanchez's proposed variance, noting that a sentence of 48 months' imprisonment was needed to deter Balderas-Sanchez and others from returning to the United States illegally. Moreover, the district court considered Balderas-Sanchez's argument about the national average sentence for an illegal-reentry case, finding it "informative . . . but not dispositive." (J.A. 127).* Thus, we conclude that the district court adequately explained its chosen sentence.

Because the sentence is free of "significant procedural error," we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert.

---

* "J.A." refers to the joint appendix filed by the parties.

denied, 135 S. Ct. 421 (2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." Id. While Balderas-Sanchez argues that his sentence is substantively unreasonable because it creates unwarranted sentencing disparities, we conclude that he has failed to overcome the presumption of reasonableness afforded his below-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4