**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4650**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THEODORE WILLIAM WELLS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:13-cr-00249-CMH-1)

Submitted: June 16, 2016        Decided: July 14, 2016

Before KING, DUNCAN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew M. Stewart, DENNIS, STEWART, KRISCHER & TERPAK, PLLC, Arlington, Virginia, for Appellant. Dana J. Boente, United States Attorney, Joseph V. Longobardo, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Theodore William Wells appeals the 18-month sentence imposed by the district court at resentencing following a remand from this court. Wells argues that the district court abused its discretion when it denied his renewed motion for new counsel and that the court failed to adequately explain its reasons for imposing its sentence. We affirm.

We review a district court's ruling on a motion to substitute counsel for an abuse of discretion, United States v. Horton, 693 F.3d 463, 466 (4th Cir. 2012), "consider[ing] three factors . . . : (1) the timeliness of the motion; (2) the adequacy of the court's subsequent inquiry [into defendant's complaint]; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense," id. at 467 (internal quotation marks omitted). We discern no abuse of discretion here. It is clear that Wells and his counsel were able to communicate with each other, as Wells' statements to the district court at both sentencing hearings indicated that he disagreed with counsel's presentation of arguments in the original sentencing position paper. While Wells was dissatisfied with counsel's advice, their disagreement was not sufficient to demonstrate that Wells was not provided an adequate defense.

Wells next contends that the district court did not adequately explain its sentence. The Government responds that any error is harmless. In explaining a sentence, the district court is not required to "robotically tick through the [18 U.S.C.] § 3553 factors." United States v. Helton, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). However, the court "must make an individualized assessment based on the facts presented when imposing a sentence, applying the relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and must state in open court the particular reasons supporting its chosen sentence." United States v. Lymas, 781 F.3d 106, 113 (4th Cir. 2015) (emphasis, alterations, and internal quotation marks omitted).

Procedural sentencing error, including the failure to adequately explain the chosen sentence, is subject to review for harmless error. United States v. Martinovich, 810 F.3d 232, 242-43 (4th Cir. 2016). "Under that standard, the government may avoid reversal only if it demonstrates that the error did not have a substantial and injurious effect or influence on the result," such that we "can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

3

We conclude that any error is harmless, given that nothing in the record suggests that a more extensive discussion of Wells' arguments would result in a lower sentence. Wells' requests for a variance sentence were the only sentencing issues argued at both hearings. The district court twice heard Wells' arguments for a sentence of time served and each time concluded that a sentence at the low end of the applicable Sentencing Guidelines range was appropriate. While the court did not extensively discuss its reasons, it noted that it had considered the nature of the offense and Wells' age in arriving at its chosen sentence, indicating it considered Wells' argument that the offense was nonviolent.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>