**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4302**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARION DEVON JOHNSON,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:15-cr-00163-BO-1)

Submitted:  July 17, 2017                    Decided:  August 3, 2017

Before TRAXLER, DUNCAN, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Jennifer Haynes Rose, LAW OFFICES OF JENNIFER HAYNES ROSE, Cary, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darion Devon Johnson pleaded guilty to distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Johnson's Sentencing Guidelines range of imprisonment was determined, in part, by Johnson's career offender status and because he possessed the firearm in connection with another felony offense and engaged in firearms trafficking. Johnson was sentence to 240 months' imprisonment, near the low end of the Sentencing Guidelines range of imprisonment. On appeal, Johnson contends that: (1) he is not a career offender; (2) he did not possess a firearm in connection with another felony offense; (3) he did not engage in firearm trafficking; and (4) the sentence was procedurally unreasonable. While we conclude that there was no error with the calculation of Johnson's Guidelines sentence, we vacate the judgment and remand for resentencing because the district court did not adequately explain the sentence.

First, because Johnson has two qualifying controlled substance convictions, we conclude that there was no error in the district court's finding that Johnson was a career offender under U.S. Sentencing Guidelines Manual § 4B1.1(a) (2015). We also discern no error in the court's finding that Johnson was eligible for two four-level enhancements to his Guidelines offense level after the Government showed by a preponderance of the evidence that he possessed firearms in connection with another felony offense and engaged in firearms trafficking.

When reviewing a criminal sentence, we must first ensure that the district court did not commit a significant procedural error. *Gall v. United States*, 552 U.S. 38, 51

2

(2007). We review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009). A district court commits procedural error at sentencing if it fails to properly calculate the Guidelines sentence, treats the Guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, selects a sentence based on erroneous facts, or fails to adequately explain the chosen sentence. *Gall*, 552 U.S. at 51. While the district court is not required to "robotically tick through the § 3553(a) factors," *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted), it "'must make an *individualized* assessment based on the facts presented' when imposing a sentence, 'applying the relevant § 3553(a) factors to the specific circumstances of the case' and the defendant, and must 'state in open court the particular reasons supporting its chosen sentence,'" *United States v. Lymas*, 781 F.3d 106, 113 (4th Cir. 2015) (quoting *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (alteration omitted)). An explanation is necessary even if the district court imposes a within-Guidelines sentence. *Carter*, 564 F.3d at 330.

The district court's statement to Johnson concerning the sentence was as follows:

> Well, I'll impose a sentence of 240 months on Count 5 and 120 months concurrent on Count 6, supervised release of 3 years on Count 5 and 3 years on Count 6, special assessment of $200, not to violate any federal, state, or local law during this period of supervised release. He's getting credit for time served. I'll recommend him to Butner.

(Joint Appendix (J.A.) at 45-46). The court did not cite an individualized reason for imposing a within-Guidelines sentence, mention any of the § 3553(a) sentencing factors,

or address Johnson's request for a sentence as lenient as possible. (J.A. 44-45). Because the court failed to provide reasons for the selected sentence, we cannot effectively review the reasonableness of the sentence. *United States v. Montes-Pineda*, 445 F.3d 375, 380 (4th Cir. 2006).

Accordingly, while Johnson's claims challenging the calculation of his Guidelines sentence are without merit, we vacate the sentence and remand for resentencing because the district court did not adequately explain the basis for the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*

4