**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4172**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROY W. GRAY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, Senior District Judge. (3:99-cr-00086-NKM-1)

Submitted: September 28, 2017                    Decided: October 2, 2017

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Erin Trodden, Christine Madeleine Lee, Assistant Federal Public Defenders, Harrisonburg, Virginia, for Appellant. Rick A. Mountcastle, Acting United States Attorney, Nancy S. Healey, Assistant United States Attorney, Jacqueline Coplen, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roy W. Gray appeals the 48-month sentence imposed after the district court revoked his term of supervised release. Gray argues that the district court erred by failing to specifically state that it had considered 18 U.S.C. § 3553(a)(6) (2012), the need to avoid unwarranted sentencing disparities. Gray also contends that the court based its sentence on an erroneous fact. Finally, Gray contends that the 48-month sentence, which was month below the policy statement range, was the result of procedural and substantive errors and therefore plainly unreasonable. We affirm.

This court will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. *United States v. Crudup*, 461 F.3d 433, 438-40 (4th Cir. 2006). While a district court must consider the Chapter Seven policy statements, U.S. Sentencing Guidelines Manual Ch. 7, Pt. B (2016), and the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2012), the district court ultimately has broad discretion to revoke supervised release and impose a term of imprisonment up to the statutory maximum. *Crudup*, 461 F.3d at 438-39. Gray's sentence was within the applicable statutory maximum.

The court adequately stated permissible reasons for the sentence, including Gray's pattern of continuing criminal conduct. Although the court estimated that Gray had nine prior drug violations, when in fact Gray had eight offenses, we consider this to be a harmless error that does not undermine the court's reasoning. Further, the court's failure to specifically state that it had considered 18 U.S.C. § 3553(a)(6) was not an error. The

2

district court must consider the statutory factors and explain the sentence; however, "it need not robotically tick through the § 3553(a) factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). We have carefully reviewed the record and have considered the parties' arguments and discern no sentencing error. We therefore conclude that Gray's revocation sentence is not plainly unreasonable. Accordingly, we affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*