**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4100**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES E. KELSON, a/k/a James Joseph Kelson, Jr.,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:16-cr-00024-GMG-RWT-1)

Submitted: October 31, 2017                     Decided: November 14, 2017

Before NIEMEYER and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Nicholas J. Compton, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant. Betsy Steinfeld Jividen, Acting United States Attorney, Anna Z. Krasinski, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James E. Kelson pled guilty, pursuant to a written plea agreement, to failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a) (2012). Kelson was sentenced to 30 months' imprisonment but challenges only the district court's imposition of his lifetime term of supervised release. We affirm.

This court reviews a sentence's reasonableness under "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a) (2012). We first determine whether the district court committed significant procedural error, such as an incorrect calculation of the Sentencing Guidelines range, inadequate consideration of the § 3553(a) factors, or insufficient explanation of the sentence imposed. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014). When we evaluate the district court's Guidelines calculations, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. White*, 771 F.3d 225, 235 (4th Cir. 2014). In assessing a sentencing court's explanation for its lifetime sentence of supervised release, we have stated that although the district court must consider the statutory factors and explain the sentence, "it need not robotically tick through the § 3553(a) factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted) (affirming lifetime term of supervised release).

Kelson first argues that the district court procedurally erred by failing to properly explain his lifetime term of supervised release. We disagree. The district court

conducted an individualized assessment and expressly considered applicable § 3553(a) factors, noting that Kelson continued to commit crimes of violence in his 50s despite prior incarceration.  In view of Kelson's substantial criminal history, the court concluded that Kelson's criminal history revealed him to be a dangerous individual with a propensity for violence.  The court therefore found lifetime supervision necessary, in view of this history, to allow for continuous monitoring of Kelson's conduct and protection of the public.  Under these circumstances, we find the sentence procedurally reasonable. *Helton*, 782 F.3d at 153.

Kelson next contends that his lifetime term of supervision is substantively unreasonable.  This lifetime term, within the properly-calculated advisory Guidelines range,[*] "is presumed on appeal to be substantively reasonable."  *Helton*, 782 F.3d at 151 (affirming substantive reasonableness of lifetime term of supervised release).  "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors."  *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).  This Kelson fails to do.  Therefore, his sentence is substantively reasonable. *See United States v. Aplicano-Oyuela*, 792 F.3d 416, 425 (4th Cir. 2015).

---

[*] Section 3583(k), 18 U.S.C.A. (West 2015 & Supp. 2017), provides for a supervised release term of five years to life, and Kelson's Sentencing Guidelines range is the same. *See* U.S. Sentencing Guidelines Manual § 5D1.2(c) (2016).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*