**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4596

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES LITTLEJOHN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Henry M. Herlong, Jr., Senior District Judge. (6:18-cr-00315-HMH-1)

Submitted: March 27, 2019                                    Decided: April 11, 2019

Before KING, THACKER, and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Joshua Snow Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Columbia, South Carolina, David C. Stephens, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Littlejohn pled guilty to two counts of theft of government money, in violation of 18 U.S.C. § 641 (2012). The district court sentenced Littlejohn to concurrent terms of 60 months' imprisonment on each count, an upward departure from the 18- to 24-month advisory Guidelines range. Littlejohn contends that his sentence is procedurally unreasonable because the district court failed to adequately explain its upward departure sentence.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United State*s, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id*. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

While the district court is not required to "robotically tick through the § 3553(a) factors," *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted), it must "place on the record an individualized assessment based on the particular facts of the case before it" and "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority." *United States v. Blue*, 877 F.3d 513, 518 (4th Cir. 2017) (internal quotation marks omitted). The court's explanation also must be adequate "to allow for meaningful appellate review and to promote the perception of fair

2

sentencing." *United States v. Diosdado-Star*, 630 F.3d 359, 365 (4th Cir. 2011) (internal quotation marks omitted).

The district court here concluded that Littlejohn exhibited a "blatantly cavalier attitude" and a lack of remorse. The court also stated that Littlejohn's case was not typical under the Guidelines. However, the court failed to explain how Littlejohn's case differed from the typical fraud case, or why a sentence within the advisory 18- to 24-month Guidelines range was insufficient to satisfy the goals of sentencing.

Without commenting on the amount of the sentence, we vacate Littlejohn's sentence and remand for resentencing consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*