**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-4286

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANA JAHMAL STEVENSON,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:21-cr-00161-1)

_____

Submitted:  June 22, 2023                                      Decided:  July 26, 2023

_____

Before DIAZ, Chief Judge, RICHARDSON and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** David O. Schles, LAW OFFICE OF DAVID SCHLES, Charleston, West Virginia, for Appellant.  William S. Thompson, United States Attorney, Nowles H. Heinrich, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dana Jahmal Stevenson pled guilty, without the benefit of a plea agreement, to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018),* and possession with the intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Stevenson to 105 months' imprisonment, at the high-end of his advisory Sentencing Guidelines range. On appeal, Stevenson contends that the district court erred in counting his prior 21 U.S.C. § 841(a)(1) conviction as a "controlled substance offense," *see* U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2021), and in failing to address one of his arguments for a lesser sentence. Finding no error, we affirm.

In considering Guidelines challenges, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Dennings*, 922 F.3d 232, 235 (4th Cir. 2019). The district court applied an enhanced base offense level after finding that Stevenson's prior § 841(a)(1) conviction qualified as a "controlled substance offense." *See* USSG § 2K2.1(a)(4)(A) & cmt. n.1. A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or

_____

* Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022). The 15-year statutory maximum does not apply in this case, however, because Stevenson committed his offense before the June 25, 2022, amendment of the statute.

dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). While this appeal was pending, we held that a 21 U.S.C. § 841(a)(1) conviction qualifies as a "controlled substance offense." *See United States v. Groves*, 65 F.4th 166, 174 (4th Cir. 2023). Thus, the district court correctly applied USSG § 2K2.1(a)(4)(A).

Turning to Stevenson's other argument, in evaluating a sentencing court's explanation of a selected sentence, we have consistently held that, although a court must consider the statutory factors and explain the sentence, "it need not robotically tick through the [18 U.S.C.] § 3553(a) factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). "[A] sentencing judge must explain each sentence that [he] imposes by addressing all non-frivolous mitigation arguments raised by the defendant." *United States v. Harris*, 890 F.3d 480, 485 (4th Cir. 2018). "The sentencing court's explanation need not be extensive, but the record must make clear that the judge actually listened to, considered, and rendered a decision on these arguments such that [we] can conduct a meaningful review of the sentence imposed." *Id.* Although it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision, we will not "guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for

3

any other clues that might explain a sentence." *United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017) (internal quotation marks omitted).

The district court adequately addressed Stevenson's argument concerning his fear motivating his offense conduct. The court explicitly noted the argument, but immediately rejected it by underscoring that his offense conduct involved shooting at another individual. It then implored the probation officer to work with the Bureau of Prisons to ensure Stevenson would not suffer another attack while in custody. And, at the end of the hearing, the court returned to this argument when it personally addressed Stevenson. Moreover, the court did exactly what Stevenson asked regarding his other arguments—recommending medical and substance abuse treatment while Stevenson was incarcerated.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*