**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4000**

UNITED STATES OF AMERICA,

　　　　　　　Plaintiff – Appellee,

　　　v.

MARK EDWARD SLAYTON,

　　　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:14-cr-00201-CCE-1)

Submitted: September 29, 2015　　　Decided: October 27, 2015

Before KING, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Edward Slayton appeals from his 78-month sentence imposed pursuant to his guilty plea to accessing child pornography. On appeal, he contends that his below-Guidelines sentence was both procedurally and substantively unreasonable. Specifically, he contends that the district court failed to consider his individual circumstances, gave too much deference to the Guidelines range determined by U.S. Sentencing Guidelines Manual § 2G2.2 (2013), and imposed an impermissibly harsh sentence. We affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we first ensure "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2012] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. at 51. "When rendering a sentence, the district court must make an individualized assessment based on the facts presented," applying the "relevant § 3553(a) factors to the specific circumstances of the case before it." United States v.

2

Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks and emphasis omitted). The court must also "state in open court the particular reasons supporting its chosen sentence" and "set forth enough to satisfy" this court that it has "considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Id. (internal quotation marks omitted).

If the sentence is free from procedural error, we then review it for substantive reasonableness. Gall, 552 U.S. at 51. "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51). Even if we would have imposed a different sentence, "this fact alone is 'insufficient to justify reversal of the district court.'" Id. at 474 (quoting Gall, 552 U.S. at 51). We apply a presumption on appeal that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

Here, the district court properly calculated and considered the applicable Guidelines range and heard argument from counsel and allocution from Slayton. In imposing sentence, the court explicitly considered the majority of the statutory factors,

3

including the circumstances of the crime, deterrence and just punishment. The court was particularly concerned about the seriousness of the crime and referred to the details in the presentence report about the content of some videos found on Slayton's computer. The court further stated that, while it heard and considered Slayton's arguments for a probationary sentence, the court was of the opinion that none of Slayton's circumstances warranted a greater variance than the standard variance the court imposed for such crimes.* Nonetheless, the court acknowledged that Slayton's arguments supported a sentence at the low end of the variant Guidelines range.

Contrary to Slayton's arguments, the court considered his individual circumstances. While the court determined that Slayton's circumstances were generally those of most other defendants charged with the same crime, this determination came after consideration of Slayton's specific characteristics. Moreover, while Slayton argued that the court overweighted the Guidelines range and failed to consider whether the sentence was greater than necessary, the court explicitly considered the sentencing factors and concluded that a variant sentence below

---

* The district court calculated a downward variance based upon its conclusion that the USSG § 2G2.2 overweighted the number of images involved and the use of a computer. The court stated that its regular practice was to calculate a variance sentence based on a two-offense-level reduction in such cases.

4

the Guidelines range was appropriate. Moreover, the court noted that the requested probationary sentence was not supported by the statutory factors. As such, we conclude that the court made no procedural errors in imposing sentence. See United States v. Helton, 782 F.3d 148, 154 (4th Cir. 2015) ("To require more explanation would unnecessarily intrude upon the district court's primary and unique role in the sentencing process.").

Next, Slayton contends that his sentence was substantively unreasonable because the district court relied too heavily on the "flawed" child pornography guidelines. Slayton avers that these particular guidelines lack any empirical basis and almost always result in a range near the statutory maximum, even for low level offenders. We have previously rejected similar arguments and held that courts should "give respectful attention to Congress's view that child pornography crimes are serious offenses deserving serious sanctions." United States v. Strieper, 666 F.3d 288, 296 (4th Cir. 2012) (alterations and internal quotation marks omitted); see also United States v. Mondragon-Santiago, 564 F.3d 357, 366-67 (5th Cir. 2009) (recognizing that appellate courts are not required to discard presumption of reasonableness for sentences based on non-empirically-grounded Guidelines and applying presumption accordingly); United States v. McLaughlin, 760 F.3d 699, 707-08 (7th Cir. 2014) (holding that sentencing court could consider

5

whether the applicable Guidelines were outdated and disproportionate but that imposing sentence based on the Guidelines did not render sentence substantively unreasonable). Here, the court balanced the statutory factors, particularly the seriousness of the crime, against Slayton's lack of a criminal record, his efforts at therapy and rehabilitation, his expression of remorse, his support system, and his positive work history. The court concluded that Slayton's offense was too serious to justify a lower sentence. "It would be almost unprecedented to credit a defendant's challenge to a sentence as substantively unreasonable when the district court actually reduced the term of imprisonment below the recommended Guidelines range." Helton, 782 F.3d at 155.

Accordingly, considering the totality of the circumstances, Slayton has failed to rebut the presumption of reasonableness applicable to his below-Guidelines sentence and has failed to show that the district court's considerable discretion was abused. Thus, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED