**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 15-4813**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DANILO GARCIA, a/k/a Donny, a/k/a Darreo,

        Defendant - Appellant.

—————————

**No. 15-4818**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROY LEE CLAY, a/k/a Junior,

        Defendant - Appellant.

—————————

Appeals from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Chief District Judge. (1:11-cr-00569-CCB-1; 1:11-cr-00569-CCB-3)

—————————

Submitted: November 29, 2016    Decided: December 15, 2016

—————————

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

---

Michael D. Montemarano, MICHAEL D. MONTEMARANO, PA, Columbia, Maryland; Christopher C. Nieto, BROWN & NIETO, LLC, Baltimore, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Ayn B. Ducao, Christopher J. Romano, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Danilo Garcia and Roy Lee Clay (collectively, "Appellants") for their involvement in a heroin trafficking conspiracy. On appeal, Appellants claim that two evidentiary errors require a new trial. Clay also challenges the sufficiency of the evidence and his 360-month sentence. Finding no error, we affirm.

I.

We review a district court's evidentiary rulings for abuse of discretion. United States v. Faulls, 821 F.3d 502, 508 (4th Cir. 2016). Reversal is warranted only if, in consideration of the law and facts of the case, the district court's determination "was arbitrary or irrational." Id. (internal quotation marks omitted).

Appellants first contend that the district court erred in allowing Special Agent Todd Edwards to testify as an expert witness on coded language used during intercepted phone calls, arguing that the Government's expert disclosure was deficient and thus Appellants were prejudiced in their ability to conduct an adequate cross-examination. Rule 16(a)(1)(G), Fed. R. Crim. P., requires the Government, when requested, to "give to the defendant a written summary of any [expert] testimony that the government intends to use . . . during its case-in-chief at

3

trial." The disclosure "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Id. "Rule 16(a)(1)(G) is intended to minimize surprise that often results from unexpected expert testimony, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." United States v. Garcia-Lagunas, 835F.3d 479, 494 (4th Cir. 2016) (alteration and internal quotation marks omitted).

We conclude that the district court did not abuse its discretion in allowing Edwards to testify. The Government submitted its initial disclosure well before the scheduled commencement of trial, and supplemented this disclosure by identifying specific phone calls about which Edwards would testify. Moreover, although the parties appeared before the district court for an evidentiary hearing on an unrelated matter before trial, Appellants failed to challenge the sufficiency of the disclosure until the night before Edwards was scheduled to testify. The district court's exercise of discretion under the circumstances was wholly permissible.

Next, Appellants contend that the district court erred in admitting against Clay portions of a cooperating witness' testimony from a previous trial. Clay contends that the

4

Government's efforts to locate the witness prior to trial were insufficient and that his Confrontation Clause rights were violated because he was unable to cross-examine the witness about events that occurred after the previous trial. Separately, Garcia contends that his rights were violated because the witness' testimony improperly implicated him, notwithstanding the district court's instruction that the evidence could be considered against Clay only.

We review de novo an alleged Confrontation Clause violation. United States v. Reed, 780 F.3d 260, 269 (4th Cir.), cert. denied, 136 S. Ct. 112, 113, 167 (2015). The Confrontation Clause "bars the admission of 'testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" United States v. Dargan, 738 F.3d 643, 650 (4th Cir. 2013) (quoting Crawford v. Washington, 541 U.S. 36, 53-54 (2004)). Testimony at a prior trial qualifies as testimonial evidence. United States v. Alvarado, 816 F.3d 242, 251 (4th Cir.), cert. denied, __ S. Ct. __, 2016 WL 3655209 (U.S. Nov. 28, 2016). "[T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever

5

way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (per curiam).

Rule 804(b)(1), Fed. R. Evid., allows the admission into evidence of a hearsay statement from an unavailable witness who previously testified at a trial, that is offered against a defendant who had an opportunity to challenge the declarant on cross-examination. A declarant is unavailable if "the statement's proponent has not been able, by process or other reasonable means, to procure the declarant's attendance." Fed. R. Evid. 804(a)(5)(A). For purposes of the Confrontation Clause, "[t]he ultimate question is whether the witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness." Ohio v. Roberts, 448 U.S. 56, 74 (1980), abrogated on other grounds by Crawford, 541 U.S. at 36.

We conclude that the district court did not err in allowing the witness' prior testimony into evidence. The witness left the country after his release from a period of incarceration, essentially absconding from a period of community supervision. Upon learning that the witness would be needed for a retrial, the Government immediately took steps to locate the witness, requesting help from both British and French authorities but to no avail. Officials also verified that the witness had not

reentered the United States using the passport that he used to depart. Clay's previous counsel had had an opportunity to conduct cross-examination, and had asked several questions to attempt to undermine the witness' credibility before the prior jury. Moreover, in accordance with the parties' agreement, the district court informed the jury about the witness absconding from probation, thus serving to amplify counsel's previous cross-examination. Additionally, the witness' testimony did not implicate Garcia by name, and the district court appropriately instructed the jury that it could not consider the witness' testimony against Garcia. See United States v. Min, 704 F.3d 314, 321 & n.5 (4th Cir. 2013) (noting, in affirming district court's admission of redacted confession, that "confessions do not become facially incriminatory when the government introduces evidence at trial that links the confession to other defendants"); United States v. Chong Lam, 677 F.3d 190, 204 (4th Cir. 2012) ("[J]uries are presumed to follow their instructions." (internal quotation marks omitted)).

## II.

Clay next challenges the sufficiency of the evidence against him. In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the conviction when viewed in the light most favorable to the

7

Government.  United States v. Engle, 676 F.3d 405, 419 (4th Cir. 2012).  "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of guilt beyond a reasonable doubt."  Id. Thus, "reversal for insufficiency must be confined to cases where the prosecution's failure is clear."  Id. (internal quotation marks omitted).

"To prove conspiracy, the government must demonstrate beyond a reasonable doubt (1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy."  United States v. Gomez-Jimenez, 750 F.3d 370, 378 (4th Cir. 2014).  "Once the Government proves a conspiracy, the evidence need only establish a slight connection between a defendant and the conspiracy to support conviction."  United States v. Green, 599 F.3d 360, 367 (4th Cir. 2010).  A defendant may be convicted of conspiracy without knowing all of its details and even if he plays only a minor role, so long as he enters the conspiracy understanding that it is unlawful and willfully joins in the plan at least once.  Id. at 367-68. "Circumstantial evidence alone is sufficient to support a

conviction for conspiracy." Gomez-Jimenez, 750 F.3d at 378 (internal quotation marks omitted).

We conclude that sufficient evidence supports Clay's conviction. The Government introduced phone calls between Clay and Garcia, which Edwards interpreted to refer to drug transactions. A cooperating witness placed Clay in New York with Garcia to discuss bad heroin that Clay had purchased. Garcia also informed the cooperating witness that he supplied two people in Baltimore, one of whom, based on the other trial evidence, was Clay. Additionally, while Clay was not tied to all of the drug transactions proven at trial, he was seen operating in a similar manner to his coconspirators. Finally, a jailhouse informant's testimony provided additional support for the jury to find Clay responsible for over one kilogram of heroin. Thus, we conclude that there was sufficient evidence to support the jury's verdict.

## III.

Finally, Clay contends that his sentence is unreasonable because the district court failed to adequately explain his sentence and should have rejected the application of the career offender guideline in this instance. We review a defendant's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Under this

9

standard, a sentence is reviewed for both procedural and substantive reasonableness. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." Id.

In evaluating a sentencing court's explanation of a selected sentence, we consistently have held that, although the district court must consider the statutory factors and explain the sentence, "it need not robotically tick through the § 3553(a) factors." United States v. Helton, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). At the same

10

time, the district court "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50. While the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

We conclude that Clay's within-Guidelines sentence is reasonable. While the court did not explicitly reference the 18 U.S.C. § 3553(a) factors in explaining its sentence, it offered a detailed explanation referring to those factors. The court first noted the seriousness of the offense and then considered Clay's particular circumstances. See 18 U.S.C. § 3553(a)(1), (2)(A). The court also recognized its discretion to disregard the career offender guideline, but permissibly found that a sentence within Clay's advisory guidelines range was appropriate. See id. § 3553(a)(3), (4). Moreover, while the district court recognized that Clay's sentence would be more severe than those of his coconspirators, the court explained why the disparity was appropriate. See id. § 3553(a)(6). Finally, as to substantive reasonableness, we conclude that Clay has failed to overcome the presumption of reasonableness accorded to his within-Guidelines sentence.

11

IV.

For all these reasons, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED