**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4738**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THOMAS BRANTLEY JENKINS, II,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:15-cr-00053-CCE-3)

———————

Submitted: January 27, 2017      Decided: February 3, 2017

———————

Before NIEMEYER, AGEE, and WYNN, Circuit Judges.

———————

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

———————

Stephen J. van Stempvoort, MILLER JOHNSON, Grand Rapids, Michigan, for Appellant. Ripley Rand, United States Attorney, Clifton T. Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Brantley Jenkins II, pled guilty to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846 (2012). The district court sentenced Jenkins to 150 months' imprisonment and ordered him to forfeit numerous items and $1536 in currency. In accordance with Anders v. California, 386 U.S. 738 (1967), Jenkins' counsel filed a brief certifying that there are no meritorious grounds for appeal but questioning whether Jenkins' sentence is reasonable.[1] We directed supplemental briefing on the issue of whether the district court plainly erred in ordering forfeiture when the Government failed to include a forfeiture allegation in the superseding indictment. We now affirm in part, vacate in part, and remand for further proceedings.

## I.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory

---

[1] Counsel who filed the Anders brief subsequently moved to withdraw, which we granted. We then appointed new counsel to represent Jenkins in this appeal.

Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51.

Counsel first questions whether the district court adequately explained its chosen sentence, contending that the court did not place enough weight on Jenkins' arguments for a variant sentence and placed undue weight on the seriousness of the offense. In evaluating a sentencing court's explanation of a selected sentence, we consistently have held that, although the district court must consider the statutory factors and explain the sentence, "it need not robotically tick through the § 3553(a) factors." United States v. Helton, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). At the same time, the district court "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50. While the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case at hand and adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted). While the

3

district court did not cite all of the § 3553(a) factors explicitly, its explanation of the sentence shows that it considered the factors and applied to them to the unique circumstances of Jenkins' case. Accordingly, we discern no procedural error.

Counsel next questions whether Jenkins' sentence is substantively reasonable. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014). We conclude that Jenkins' argument fails to overcome the presumption of reasonableness accorded the sentence imposed by the district court. Accordingly, Jenkins' 150-month sentence of imprisonment is reasonable.

## II.

Turning to the district court's forfeiture order, Jenkins failed to object to the court's order; thus, we review the order for plain error. United States v. Moore, 810 F.3d 932, 939 (4th Cir. 2016). "[W]e may reverse only on a finding that (1) there was error, (2) that was plain, (3) that affected substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." Id. (alterations and internal quotation marks omitted).

Federal Rule of Criminal Procedure 32.2 governs the procedure by which a district court orders forfeiture. "A court

4

must not enter a judgment of forfeiture in a criminal proceeding unless the indictment . . . contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." Fed. R. Crim. P. 32.2(a); see 21 U.S.C. § 853(a) (2012) (authorizing forfeiture). Here, the superseding indictment did not contain a forfeiture allegation. The district court also failed to enter a preliminary order of forfeiture prior to Jenkins' sentencing hearing, as required by Fed. R. Crim. P. 32.2(b)(2). Because "these procedures are mandatory," United States v. Marquez, 685 F.3d 501, 509 (5th Cir. 2012), we conclude that these errors are plain.

Turning to whether the errors affect Jenkins' substantial rights, the district court's judgment stated:

> The defendant shall forfeit the defendant's interest in the following property to the United States: $1,536.00 shall be applied to the restitution, remainder shall go to [Jenkins' sister], [R]uger to be destroyed, remaining firearms to be returned to rightful owner, remaining items to be destroyed at the end of the appeal period.

(J.A. 125).[2] Although not clear from the present record, the Government represents on appeal that these remaining items included "a letter, three BB guns, a pill bottle containing a green leafy material, a Wells Fargo new account opening kit, an

---

[2] "J.A." refers to the Joint Appendix filed by the parties.

improvised shaking device (Sawzall), 690 rounds of assorted ammunition, twelve firearm magazines/ammo can, and video surveillance equipment." (Appellee's Br. at 4 n.1).

Some of these items included "property associated with the planning, implementing, or concealing of a crime." Luis v. United States, 136 S. Ct. 1083, 1090 (2016) ("[T]itle to property used to commit a crime (or otherwise traceable to a crime) often passes to the Government at the instant the crime is planned or committed." (internal quotation marks omitted)). However, not all of the items were necessarily tainted assets. Jenkins represented that his sister loaned him the currency, which would not constitute proceeds of his crime. While the Government represents that many of the items were contraband or used in the commission of the offense, its failure to properly allege forfeiture deprived Jenkins of his ability to demonstrate that they were not. See Fed. R. Crim. P. 32.2(b)(1).

We conclude that Jenkins' substantial rights are not affected by the forfeiture of a pill bottle that contained marijuana, as Jenkins was not entitled to have contraband returned to him. See United States v. Vanhorn, 296 F.3d 713, 718-19 (8th Cir. 2002). We further conclude that Jenkins has waived review of the forfeiture of the Ruger, as he disclaimed ownership of that firearm during the sentencing hearing. See United States v. Robinson, 744 F.3d 293, 298 (4th Cir. 2014).

6

However, as to the remainder of the items included in the district court's forfeiture order, we conclude that Jenkins' substantial rights are affected and that this error affects the fairness of the proceedings, as the Government's failure to allege forfeiture and the district court's failure to enter a preliminary order of forfeiture raise due process concerns. See United States v. Shakur, 691 F.3d 979, 988-89 (8th Cir. 2012).

III.

In accordance with Anders, we have reviewed the entire record in this case and have found no other meritorious grounds for appeal. Accordingly, we affirm the district court's judgment, except for a portion of the forfeiture order contained therein. Specifically, we affirm in part the district court's forfeiture order, as it relates to the Ruger and the pill bottle containing marijuana, but we vacate the forfeiture order in all other respects and remand this case for further proceedings not inconsistent with Fed. R. Crim. P.32.2. We also deny Jenkins' motion for leave to file a pro se supplemental brief.[3]

---

[3] Jenkins initially declined to file a pro se supplemental brief and fails to offer any reason why he did not do so when initially given the opportunity. Thus, because his motion was filed after we ordered the parties to file merits briefs, we deny Jenkins' motion. See United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011).

This court requires that counsel inform Jenkins, in writing, of the right to petition the Supreme Court of the United States for further review. If Jenkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jenkins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED