**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4038**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOHNATHAN OLANDUS HALL, a/k/a Jonathan Olandis Hall,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:15-cr-00303-FDW-DCK-1)

Submitted:  July 27, 2017                     Decided:  August 3, 2017

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ross Hall Richardson, Interim Defender, Ann L. Hester, FEDERAL DEFENDER FOR THE WESTERN DISTRICT OF NORTH CAROLINA, Charlotte, North Carolina, for Appellant.  Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Johnathan Olandus Hall pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Hall challenges the procedural reasonableness of his sentence. For the reasons that follow, we affirm.

In the presentence report ("PSR"), the probation officer incorporated the written Factual Basis prepared by the Government. Among other information, the Factual Basis summarized the arresting officer's observations at the time of the incident, including that he saw the muzzle flash to a black handgun in Hall's hand and that a victim suffered a serious gunshot wound. With the exception of facts not relevant to his appeal, Hall did not dispute the Factual Basis.

The PSR applied the assault with intent to murder cross reference based on the shooting. Initially, Hall objected to the application of the cross reference, but he subsequently withdrew the objection and accepted the Sentencing Guidelines calculations in the PSR, which were ultimately adopted by the district court. He argued for a below Guidelines sentence on several grounds, including his mental health, the purported overstatement of his criminal history, the need to avoid unwarranted sentencing disparities, and his claim, raised for the first time at the initial sentencing hearing, that someone else shot the victim. The district court ultimately sentenced Hall to 110 months' imprisonment, the bottom of his 110- to 120-month Guidelines range.

Hall argues that the district court procedurally erred by failing to address his argument that he was not the shooter. In evaluating the adequacy of a district court's explanation of a selected sentence, we have consistently held that the sentencing court

2

"need not robotically tick through the [18 U.S.C.] § 3553(a) [(2012)] factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). However, the court must conduct an "individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." *United States v. Lynn*, 592 F.3d 572, 584 (4th Cir. 2010) (internal quotation marks omitted).

"Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). The district court must provide sufficient explanation to "demonstrate that it 'considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority.'" *Lynn*, 592 F.3d at 576 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007) (alterations in original)). Such explanation is necessary to "promote the perception of fair sentencing" and to permit "meaningful appellate review." *Gall v. United States*, 552 U.S. 38, 50 (2007).

Supreme Court precedent "plainly precludes any presumption that, when imposing a sentence, the district court has silently adopted arguments presented by a party. Rather, 'the district judge,' not an appellate court, 'must make an individualized assessment based on the facts presented' to him." *Carter*, 564 F.3d at 329 (quoting *Gall*, 552 U.S. at 49-50). However, "[t]he context surrounding a district court's explanation may imbue it with enough content for us to evaluate both whether the court considered the § 3553(a)

3

factors and whether it did so properly." *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006). Where the record clearly reveals that the court considered the parties' arguments and relevant evidence and that the case is "conceptually simple[,] . . . the law does not require a judge to write more extensively." *Rita*, 551 U.S. at 359.

In this case, sentencing took place over the course of three hearings. The district court continued the initial sentencing hearing when Hall asserted, for the first time—and in the context of challenging the assault with intent to commit murder cross reference— that he was not the shooter and alluded to evidence in support of his claim. At the second sentencing hearing, Hall withdrew his objections to the cross reference, but he sought a below-Guidelines sentence on several grounds, including that he claimed that he was not the shooter. Sentencing was continued to allow for discovery because the Government requested access to a recorded statement of the purported shooter incriminating himself, a recording that was in defense counsel's possession.

When the third hearing commenced, Hall still had not provided the recording to the Government. The court gave Hall the option whether to introduce it but reminded Hall that evidence that someone else was the shooter would potentially be very favorable to Hall in fashioning his sentence. Hall did not introduce the recording.

In imposing a within-Guidelines sentence, the district court expressly rejected Hall's arguments for a below-Guidelines sentence based on overstatement of criminal history, his mental health issues, and unwarranted sentencing disparities. However, the court did not, at this point, explicitly address Hall's argument that he was not the shooter.

4

Nevertheless, we can discern from the context of the sentencing hearings that the court considered and rejected Hall's argument. *Cf. Montes-Pineda*, 445 F.3d at 381.

In the third and final sentencing hearing, the court stated that it had considered all of the § 3553(a) sentencing factors. At the second sentencing hearing, the court acknowledged that Hall's claim that he was not the shooter was an important issue to resolve in order to determine Hall's sentence. The court opined that such information was relevant to the nature and circumstances of the offense and could weigh heavily in Hall's favor. The court observed that the Factual Basis contained no mention of another shooter or a second gun. The arresting officer, the only eyewitness to testify, stated that he saw Hall fire his weapon and the victim double over and fall and that he heard no other gun. The court continued the hearing to give the Government an opportunity to hear the recording and further investigate Hall's claim that he was not the shooter, describing this as "a huge, huge factor in sentencing." (J.A. 83).[*] When Hall sought reconsideration of the court's order directing discovery of the recording, the court advised Hall's counsel that it was up to the defense whether to introduce the recording but repeated that "it really does impact my – some of my thought processes about the culpability of the defendant." (J.A. 105).

Aware of the court's position, Hall nevertheless chose to not introduce the tape. Viewed in the context of the court's statement that it had considered the § 3553(a) factors, its earlier statements that whether Hall was the shooter was relevant to the nature

---

[*] "J.A." refers to the joint appendix filed by the parties.

and circumstances of the offense, its remarks that the victim's description of the shooter in the police report matched Hall's appearance and that no second shooter or second gun was mentioned in the Factual Basis to which defense counsel agreed, and the court's reminder to defense counsel at the third hearing that it could choose whether to introduce the recording but that it affected the court's thoughts regarding Hall's culpability, it is clear that the district court considered and rejected Hall's claim that he was entitled to a downward variance because he was not the shooter.

We therefore discern no procedural error. Accordingly, we affirm Hall's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*