**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4300**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONATHAN HAYHOE,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:16-cr-00460-RMG-1)

Submitted: February 27, 2018                    Decided: March 19, 2018

Before TRAXLER and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Beth Drake, United States Attorney, M. Rhett DeHart, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Hayhoe pled guilty, pursuant to a conditional plea agreement, to possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (2012). The district court sentenced Hayhoe to 12 months and 1 day of imprisonment and imposed a lifetime term of supervised release, including a condition prohibiting him from visiting "adult bookstores, sex shops, topless bars or locations that act as a sexual stimulus." On appeal, Hayhoe challenges the denial of his pretrial motion to suppress, his lifetime term of supervised release, and this one condition of supervised release. Finding no reversible error, we affirm the district court's judgment.

In reviewing the district court's denial of a motion to suppress, "we review legal questions de novo." *United States v. McLamb*, 880 F. 3d 685, 689 (4th Cir. 2018). In *McLamb*, we held that the good-faith exception precluded suppressing evidence from the same warrant that Hayhoe challenges. *Id.* at 689-90. Hayhoe contends that the good-faith exception does not apply because the magistrate judge lacked jurisdiction to authorize the warrant. However, we rejected this exact argument in *McLamb*. *Id.* at 691. Thus, the district court did not err in denying Hayhoe's motion to suppress.

Hayhoe next contends that the district court procedurally erred in failing to explain the reasons why it imposed a lifetime term of supervised release, and he argues that the lifetime term is substantively unreasonable. We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. Evans*, 159 F.3d 908, 913 (4th Cir. 1998) (noting a "term of supervised release . . . [is] part of the . . . sentence"). Under this standard, a sentence is

2

reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

If a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

In evaluating a sentencing court's explanation of a selected sentence, we have held that, although the district court must consider the statutory factors and explain the sentence, "it need not robotically tick through the § 3553(a) factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 50). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015)

(internal quotation marks omitted). Although it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision, *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006), "an appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence," *Carter*, 564 F.3d at 329-30.

We conclude that the district court adequately explained the sentence. The district court considered counsel's arguments and the § 3553(a) factors. The court engaged in a thorough discussion with Hayhoe, his counsel, and the Government regarding this case and the need for deterrence. The district court was concerned about ensuring that Hayhoe did not reoffend, and a lifetime term of supervised release makes it less likely that Hayhoe will reoffend. Although the district court credited Hayhoe's argument that he was less likely to reoffend than other offenders, this explains why it varied downward on the length of imprisonment and used the lifetime supervised release to deter Hayhoe from reoffending once he is released. We conclude that Hayhoe has failed to overcome the presumption of reasonableness accorded to Hayhoe's within-Guidelines term of supervised release.

Finally, because Hayhoe did not object to the imposition of the challenged condition of supervised release, we review his argument that the condition is unconstitutional under the Due Process Clause and the First Amendment for plain error. *See United States v. Catone*, 769 F.3d 866, 871 (4th Cir. 2014). To succeed on his claim, Hayhoe "must show (1) that the [district] court erred, (2) that the error is clear and

4

obvious, and (3) that the error affected his substantial rights, meaning that it affected the outcome of the district court proceedings." *Id.* (internal quotation marks omitted). If Hayhoe meets this burden, "we retain discretion whether to recognize the error and will deny relief unless the district court's error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

"District courts have broad latitude to impose conditions on supervised release." *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009). However, "special conditions [of supervised release] must involve no greater deprivation of liberty than is reasonably necessary to achieve the goals enumerated in § 3553(a)." *Id.* (internal quotation marks omitted). As the Government correctly argues, Hayhoe fails to cite to any case from this Court or another Court of Appeals finding a similar condition of supervised release unconstitutional. *See United States v. Maxwell*, 285 F.3d 336, 342 (4th Cir. 2002) ("In the absence of [Supreme Court or Fourth Circuit] authority, decisions by other circuit courts of appeals are pertinent to the question of whether an error is plain." (alterations and internal quotation marks omitted)). Thus, even if the district court could be deemed to have erred in imposing this condition, we conclude that any error is not plain.

Accordingly, we affirm Hayhoe's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*

5