**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4428

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES DUNCAN PIPPINS, a/k/a Chuck,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:17-cr-00007-1)

Submitted: January 28, 2019                    Decided:  February 15, 2019

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Wesley P. Page, FLAHERTY SENSABAUGH BONASSO PLLC, Charleston, West Virginia, for Appellant.  Michael B. Stuart, United States Attorney, Charleston, West Virginia, Joseph F. Adams, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Charles Duncan Pippins for conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (2012) (Count 1); and for distribution of and possession with intent to distribute quantities of heroin, in violation of 21 U.S.C. § 841 (2012) (Counts 2 and 3). Pippins pled guilty, without a plea agreement, to Counts 2 and 3, and a jury convicted him of Count 1. The district court sentenced Pippins to 240 months' imprisonment, within his advisory Sentencing Guidelines range. On appeal, Pippins challenges the sufficiency of the evidence supporting his conviction on Count 1, argues that the district court erred in admitting certain evidence, and contends that his sentence is unreasonable. Finding no error, we affirm.

I.

Pippins first argues that the Government presented insufficient evidence to support his conviction for conspiracy to distribute 100 grams or more of heroin. He asserts that the Government's evidence was limited to inconsistent and uncorroborated testimony of witnesses with a history of drug abuse and motives to lie.

We review the denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo, and "must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to support it." *United States v. Edlind*, 887 F.3d 166, 172 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 U.S. 203 (2018). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). "A defendant bringing a

2

sufficiency challenge must overcome a heavy burden," as reversal is "confined to cases where the prosecution's failure is clear." *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015) (internal quotation marks omitted).

To prove the charged drug conspiracy, "the [G]overnment was required to establish beyond a reasonable doubt that: (1) an agreement to distribute [100 grams or more of heroin] existed between two or more persons; (2) [Pippins] knew of the conspiracy; and (3) [he] knowingly and voluntarily became a part of this conspiracy." *United States v. Hackley*, 662 F.3d 671, 678 (4th Cir. 2011) (internal quotation marks omitted). "[E]vidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy, especially when coupled with substantial quantities of drugs." *United States v. Reid*, 523 F.3d 310, 317 (4th Cir. 2008).

We conclude that, viewed in the light most favorable to the Government, the record supports the jury's verdict. Multiple witnesses testified that Pippins recruited them to transport and distribute heroin, and the testimony of those witnesses easily established that the conspiracy involved 100 grams or more of heroin. The controlled buy orchestrated by the deputies further corroborated Pippins' involvement in the heroin-trafficking conspiracy. Although Pippins argues that most of the Government's witnesses are not worthy of belief, "we are not entitled to assess witness credibility, and we assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 238 (2018).

3

## II.

Pippins next contends that the district court improperly permitted the admission of Tonya Thompson's testimony that he threatened to kill her while holding a firearm to her head and demanding his money. Specifically, Pippins argues that this testimony was impermissibly admitted as other crimes evidence under Fed. R. Evid. 404(b).

Because Pippins did not object to the admissibility of the testimony at trial, our review is for plain error. *United States v. Hall*, 858 F.3d 254, 264 (4th Cir. 2017). "Under the plain error standard, this Court will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). "The Rule 404(b) inquiry, however, applies only to evidence of other acts that are extrinsic to the one charged. Acts intrinsic to the alleged crime do not fall under Rule 404(b)'s limitations on admissible evidence." *United States v. Palacios*, 677 F.3d 234, 244-45 (4th Cir. 2012) (internal quotation marks omitted). Uncharged conduct is intrinsic if it "arose out of the same series of transactions as the charged offense, or if evidence of the uncharged conduct is necessary to complete the story of the crime on trial." *United States v. Siegel*, 536 F.3d 306, 316 (4th Cir. 2008) (brackets and internal quotation marks

omitted). Similarly, "[o]ther acts are intrinsic when they are inextricably intertwined [with] . . . the crime charged." *United States v. Lighty*, 616 F.3d 321, 352 (4th Cir. 2010) (internal quotation marks omitted). "Evidence is inextricably intertwined with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." *Id.* (brackets and internal quotation marks omitted). Regarding conspiracy offenses in particular, "the government is permitted to present evidence of acts committed in furtherance of the conspiracy even though they are not all specifically described in the indictment." *Palacios*, 677 F.3d at 245 (internal quotation marks omitted).

We conclude that Rule 404(b) does not apply to Thompson's testimony because it was intrinsic to the heroin-trafficking conspiracy. The testimony supports the conclusion that Pippins was the leader of the conspiracy and that Thompson worked for him. The testimony was also necessary to complete the story of the crime because it explained why the administrative seizure form was found in Pippins' motel room, and the threat with the firearm was an integral and natural part of Thompson's account. We also reject Pippins' assertion that the admission of this testimony was unduly prejudicial under Fed. R. Evid. 403. Accordingly, we conclude that the district court did not plainly err in allowing Thompson to testify about the incident.

## III.

Finally, Pippins argues that his sentence is unreasonable. We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for

5

reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). This review requires consideration of both the procedural and substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. In determining whether a sentence is procedurally reasonable, we consider, among other factors, whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Gall*, 552 U.S. at 51. Only after determining that the sentence is procedurally reasonable do we consider whether the sentence is substantively reasonable, "tak[ing] into account the totality of the circumstances." *Id.*

A.

Pippins argues that his sentence is procedurally unreasonable because the district court relied on vague and inconsistent testimony of untrustworthy witnesses to establish the drug quantity attributable to him. "We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Slade*, 631 F.3d 185, 188 (4th Cir. 2011) (internal quotation marks omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted).

"For sentencing purposes, the government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." *United States*

6

*v. Bell*, 667 F.3d 431, 441 (4th Cir. 2011). Where, as here, "the drug quantity is not proven by actual seizures or comparable direct evidence, the government must present evidence from which the sentencing court may approximate the quantity." *Id.* (internal quotation marks omitted). "When determining facts relevant to sentencing, such as an approximated drug quantity, the Sentencing Guidelines allow courts to consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). "While this court is generally reluctant to overturn factual findings of the trial court, this is doubly so where the question goes to the demeanor and credibility of witnesses at trial, since the district court is so much better situated to evaluate these matters." *United States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994).

We conclude that the district court did not clearly err in calculating the drug quantity attributable to Pippins. Brian Porter testified at trial and at sentencing that he helped Pippins transport large quantities of heroin over several years. The quantity of heroin extrapolated from this testimony easily falls into the 3-to-10-kilogram range, yielding a base offense level of 32. *See* U.S. Sentencing Guidelines Manual § 2D1.1(c)(4) (2016). The district court concluded that Porter's testimony was credible because it was corroborated by other witnesses who testified at trial, and we defer to that credibility finding.

B.

Pippins also contends that his sentence is procedurally unreasonable because the court failed to cite § 3553(a) when explaining its sentence or discuss the statutory sentencing factors in a meaningful way. He avers that the court improperly focused on the heroin epidemic in West Virginia and his decision to go to trial, which, he argues, are irrelevant and impermissible factors.

"[F]or every sentence—whether above, below, or within the Guidelines range—a sentencing court must place on the record an individualized assessment based on the particular facts of the case before it." *United States v. Lynn*, 592 F.3d 572, 576 (4th Cir. 2010) (internal quotation marks omitted). The court is obliged to "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Blue*, 877 F.3d at 518 (internal quotation marks omitted). Although the sentencing judge "need not robotically tick through the § 3553(a) factors," *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted), he must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority," *Blue*, 877 F.3d at 518 (internal quotation marks omitted).

Although the district court did not specifically mention § 3553(a) before beginning its thorough sentencing explanation, we conclude that the court based its decision on the statutory factors. By focusing on Pippins' contribution to the heroin epidemic, the court considered the need for the sentence to reflect the seriousness of the offense and to deter Pippins and others from continuing to contribute to the growing epidemic. *See* 18 U.S.C.

8

§ 3553(a)(2)(A)-(C). The court also considered the nature and circumstances of the offense by commenting on the insidious way Pippins recruited vulnerable drug addicts to transport and sell heroin for him. *See* 18 U.S.C. § 3553(a)(1). And the court specifically mentioned the need to punish Pippins for his participation in the heroin-trafficking conspiracy. *See* 18 U.S.C. § 3553(a)(2)(A).

While Pippins faults the court for considering his decision to go to trial, the court did so in response to Pippins' suggestion that a below-Guidelines sentence offered by the Government during plea negotiations was still fair and just. The court rejected that notion not because Pippins decided to exercise his right to go to trial but because, in his defense and allocution, he downplayed his contribution to the heroin epidemic and attempted to use his knowledge about heroin addicts to convince the jury and the court that he was simply helping his friends avoid withdrawal. Pippins' apparent inability to acknowledge and accept responsibility for his contribution to the heroin epidemic was one of the many factors that convinced the court that a below-Guidelines sentence was inappropriate. *See* 18 U.S.C. § 3553(a)(1) (instructing courts to consider history and characteristics of defendant). Accordingly, we conclude that the court adequately considered the § 3553(a) factors and that Pippins' sentence is procedurally reasonable.

C.

Pippins challenges the substantive reasonableness of his within-Guidelines sentence, contending that it is greater than necessary to achieve the goals articulated in § 3553(a). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by

9

showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

We conclude that Pippins has failed to meet his burden of demonstrating that his sentence, toward the bottom of his Guidelines range, is unreasonable when measured against the § 3553(a) factors. Pippins was the leader of a lengthy heroin-trafficking conspiracy in an area that has been suffering from a heroin epidemic and he recruited vulnerable drug addicts to serve as couriers and distributors in the conspiracy. The mitigating factors identified by counsel do not clearly outweigh the seriousness of this offense. Accordingly, we conclude that Pippins' sentence is substantively reasonable.

IV.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*