**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4486**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEXTER RYAN HART,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:17-cr-00352-FL-1)

Submitted: February 22, 2018                    Decided: March 1, 2019

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Phillip A. Rubin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dexter Ryan Hart pled guilty to escape from custody, in violation of 18 U.S.C. § 751 (2018). The district court sentenced Hart to 15 months' imprisonment, the bottom of the advisory Sentencing Guidelines range. On appeal, Hart challenges the procedural reasonableness of his sentence, arguing that the court failed to address his nonfrivolous argument for a below-Guidelines sentence. For the reasons that follow, we affirm.

In evaluating the adequacy of a district court's explanation of a selected sentence, we have consistently held that that the sentencing court "need not robotically tick through the [18 U.S.C.] § 3553(a) [(2012)] factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). However, the court must conduct an "individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." *United States v. Lynn*, 592 F.3d 572, 584 (4th Cir. 2010) (internal quotation marks omitted). Such explanation is necessary to "promote the perception of fair sentencing" and to permit "meaningful appellate review." *Gall v. United States*, 552 U.S. 38, 50 (2007).

"Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted). "A sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense

2

counsel's arguments for a [below-Guidelines sentence]." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (alterations and internal quotation marks omitted).  If the district court's explanation could have supported a different sentence, then the explanation is inadequate and we will remand for resentencing.  *Id.*  However, "we will not vacate a sentence simply because the district court did not spell out what the context of its explanation made patently obvious."  *Id.* at 520-21 (alterations and internal quotation marks omitted).

We can discern from the context of the sentencing hearing that the district court considered and rejected Hart's arguments for a below-Guidelines sentence.  The court expressly stated at the sentencing hearing that it had read both Hart's sentencing memorandum, in which defense counsel argued for a below-Guidelines sentence, and the psychological report attached to the memorandum.  Defense counsel sought a below-Guidelines sentence based on Hart's extremely difficult childhood and mental health issues and argued that Hart would be ineligible to receive mental health treatment while incarcerated and that his best opportunity to receive such treatment would be while he was on supervised release.  The court stated that it would request mental health treatment for Hart, as well as intensive substance abuse treatment.

When Hart reasserted defense counsel's argument that he would be unable to obtain mental health treatment while incarcerated, the court explained that, in fashioning the sentence, it was required to balance numerous factors, including Hart's background, the nature of his offense, and his need for mental treatment, as well the need to protect the public, provide deterrence, and promote respect for the law, all of which were

3

§ 3553(a) sentencing factors. The court expressly imposed a sentence at the low end of the Guidelines range because of the "mitigating factors" presented by Hart. Viewed in the context of the sentencing hearing as a whole, it is clear that the district court considered and rejected Hart's request for a below-Guidelines sentence.

We therefore discern no procedural error. Accordingly, we affirm Hart's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*