**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4388**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

AMOS KING JAMES, a/k/a Re-Run, a/k/a King,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:16-cr-00107-BO-2)

Submitted: November 28, 2017                Decided: December 11, 2017

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

John Keating Wiles, CHESHIRE PARKER SCHNEIDER & BRYAN, PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amos King James pled guilty to conspiring to distribute a quantity of cocaine base, a quantity of a mixture and substance containing a detectable amount of heroin, and a quantity of dibutylone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012). The district court sentenced James to 12 months' imprisonment, to be followed by a lifetime term of supervised release. James contends that his term of supervised release is procedurally and substantively unreasonable. Because we conclude that the district court procedurally erred in imposing the lifetime term of supervision, we vacate the district court's judgment and remand for resentencing.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. Evans*, 159 F.3d 908, 913 (4th Cir. 1998) (noting a "term of supervised release . . . [is] part of the . . . sentence"). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

In evaluating a sentencing court's explanation of a selected sentence, we have held that, although the district court must consider the statutory factors and explain the sentence, "it need not robotically tick through the § 3553(a) factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted).

2

"Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 50). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted). Although it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision, *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006), "an appellate court may not guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence," *Carter*, 564 F.3d at 329-30.

The district court erred because it failed to explain why it imposed a lifetime term of supervised release. Although the court offered some explanation of the entire sentence, this discussion was disconnected from its decision to impose a lifetime term of supervised release. *See id.* at 329 (recognizing that while district court stated that it considered "the four purposes in Section 3553(a)(2)," it failed to "explain how those purposes applied"). While the court expressed concern that James committed the offense conduct shortly after being released from custody, the court did not address James' assertion that he had obtained legitimate employment, was working towards obtaining a commercial driver's license, and was caring for his children. The court's brief

3

explanation of the sentence failed to address the majority of the § 3553(a) factors that it must consider and does not allow us to engage in meaningful appellate review.[*]

Accordingly, we vacate the supervised release portion of James' sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*VACATED AND REMANDED*

---

[*] Because we conclude that James' sentence is procedurally unreasonable, we do not address his additional argument that his sentence is also substantively unreasonable, and we express no opinion about the substantive reasonableness of the sentence.