# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4384

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AMOS KING JAMES, a/k/a Re-Run, a/k/a King,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, Chief District Judge. (7:16-cr-00107-BO-2)

Submitted: January 31, 2019                              Decided: March 12, 2019

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Amos King James pled guilty to conspiring to distribute a quantity of cocaine base, a quantity of a mixture and substance containing a detectable amount of heroin, and a quantity of dibutylone, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012). The district court initially sentenced James to 12 months' imprisonment to be followed by a lifetime term of supervised release. James appealed, and we vacated the lifetime term of supervision and remanded for resentencing. *United States v. James*, 705 F. App'x 207, 208 (4th Cir. 2017). On remand, the district court imposed a 10-year term of supervised release. James again appeals, contending that this 10-year term of supervised release is unreasonable. We affirm the district court's judgment.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see also United States v. Evans*, 159 F.3d 908, 913 (4th Cir. 1998) (noting that a "term of supervised release . . . [is] part of the . . . sentence"). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Gall,* 552 U.S. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," we then review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

2

James contends that his sentence is procedurally unreasonable because the district court failed to adequately explain the basis for his term of supervised release. In evaluating a sentencing court's explanation of a selected sentence, we consistently have held that, although the district court must consider the statutory factors and explain the sentence, "it need not robotically tick through the § 3553(a) factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 50). The district court's explanation "need not be exhaustive." *United States v. Avila*, 770 F.3d 1100, 1107 (4th Cir. 2014). Instead, it "must be sufficient to satisfy the appellate court that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *Id.* at 1108 (brackets and internal quotation marks omitted).

We conclude that the district court adequately explained the basis for the 10-year term of supervised release. At the beginning of the resentencing hearing, the court explained why it had imposed a lifetime term of supervised release—James committed the instant offense less than 1 year after serving a term of imprisonment that was reduced by nearly 10 years. Thus, the court believed that a longer term of supervision was necessary "to control [James'] behavior and to respond to his unwillingness to perform

3

on supervised release." (J.A. 48).[*] When James then argued for a Guidelines term of supervised release, the court noted that the Guidelines term was based solely on the statute of conviction and not on James' individual characteristics and criminal history. *See* U.S. Sentencing Guidelines Manual § 5D1.2(a)(2), (c) (2016). After hearing more argument from the parties, the court arrived at the 10-year term of supervised release. Although the court's explanation was not exhaustive, it was adequate.

James also contends that his sentence is substantively unreasonable because it is greater than necessary to satisfy the § 3553(a) factors. "In reviewing a variant sentence, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Washington*, 743 F.3d 938, 944 (4th Cir. 2014) (internal quotation marks omitted). "While a district court's explanation for the sentence must support the degree of the variance, it need not find extraordinary circumstances to justify a deviation from the Guidelines." *United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) (citation and internal quotation marks omitted). Because our review is ultimately for an abuse of discretion, we accord "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017). Even if "we might reasonably conclude that a different sentence is appropriate, that conclusion, standing alone, is an insufficient

_____

[*] "J.A." refers to the Joint Appendix filed by the parties.

4

basis to vacate the district court's chosen sentence." *Id.* (alterations and internal quotation marks omitted).

We conclude that James' sentence is substantively reasonable. James committed the instant offense shortly after his release from a lengthy prison term, demonstrating that he was not deterred by his prior sentence. Moreover, the district court correctly noted that the Guidelines range of supervised release in this case was based solely on the statute of conviction. The record demonstrates that the district court considered multiple factors in arriving at the sentence. *Cf., e.g.*, *Zuk*, 874 F.3d at 410 (recognizing sentence may be substantively unreasonable when district court only considers one § 3553(a) factor to the exclusion of other relevant factors).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5