**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4817**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GARY LAMONT ROBINSON, a/k/a Moet,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief Judge. (7:18-cr-00018-BO-1)

Submitted: October 20, 2020                    Decided: November 4, 2020

Before NIEMEYER, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kelly Margolis Dagger, Paul K. Sun, Jr., ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Lamont Robinson pled guilty to distributing heroin, in violation of 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The district court imposed a sentence of 180 months' imprisonment, below Robinson's advisory Sentencing Guidelines range. On appeal, Robinson argues that the district court did not adequately explain the sentence. Finding no error, we affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard."[*] *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51.

In evaluating a sentencing court's explanation of a selected sentence, we consistently have held that, although the district court must consider the statutory factors and explain the sentence, "it need not robotically tick through the § 3553(a) factors." *United States v. Helton*, 782 F.3d 148, 153 (4th Cir. 2015) (internal quotation marks omitted). "Regardless of whether the district court imposes an above, below, or within-

---

[*] The Government argues that plain error review applies. We conclude that Robinson's arguments in the district court preserved his claim of procedural error on appeal. *See United States v. Lynn*, 592 F.3d 572, 576-78, 581 (4th Cir. 2010).

Guidelines sentence, it must place on the record an 'individualized assessment' based on the particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 50). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *United States v. Bollinger*, 798 F.3d 201, 220 (4th Cir. 2015) (internal quotation marks omitted). "A sentencing court's explanation is sufficient if it, although somewhat briefly, outlines the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a downward departure." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017) (alterations and internal quotation marks omitted). Although it is sometimes possible to discern a sentencing court's rationale from the context surrounding its decision, *United States v. Montes-Pineda*, 445 F.3d 375, 381 (4th Cir. 2006), we will not "guess at the district court's rationale, searching the record for statements by the Government or defense counsel or for any other clues that might explain a sentence," *Blue*, 877 F.3d at 521 (internal quotation marks omitted).

We conclude that the district court's explanation was sufficient. Robinson's arguments for a below-Guidelines sentence can be organized into three themes: the career offender designation resulted in an overly punitive Guidelines range, Robinson's offense conduct was relatively minor considering the small amount of heroin involved in this offense, and that Robinson had a difficult upbringing and wished to turn his life around.

3

The district court's explanation when it announced sentence that the career offender Guidelines range "over-punishes" in this case addressed the first two of these themes.

While the district court did not address Robinson's difficult upbringing or desire to improve itself when it announced the sentence, it previously held a discussion with counsel concerning these issues. The district court referenced the presentence report and described Robinson's upbringing as terrible. The court stated that it was attempting to reconcile Robinson's difficult upbringing and the relatively small amount of heroin involved in this offense with the career offender Guidelines range. And although the district court did not specifically reference the § 3553(a) factors, the record shows that the two factors the court weighed heavily in its sentencing decision were the need to consider Robinson's personal circumstances and the seriousness of the offense. *See* 18 U.S.C. § 3553(a)(1), (2)(A). Accordingly, we conclude that Robinson's sentence is procedurally reasonable.

Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*